**IN THE UNITED STATED DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CHRISTOPHER W. WEBB,     )
    )
       Plaintiff,     )
    )
vs.     )     **Case No. CIV-10-438-JHP-SPS**
    )
BILL STURCH,     )
       Defendant.     )

## OPINION AND ORDER

This matter comes on for consideration of Defendant's Motion to Dismiss Plaintiff's

Amended Complaint (Dkt. # 34) filed on April 6, 2012. The court has before it the plaintiff's

amended complaint, the defendant's motion, a special report prepared at the direction of the

court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), plaintiff's

response to the motion, defendant's reply and plaintiff's sur-reply to the motion. For the

reasons stated below, the Court finds this action should be dismissed for failure to exhaust

administrative remedies. Even assuming for purposes of argument that plaintiff had

complied with the grievance process, based upon the special report submitted herein, this

court finds plaintiff has failed to state a claim for relief.

### *Background*

Plaintiff alleges his Eighth and Fourteenth Amendment rights have been violated

because he has been subjected to black mode (sic) and he has suffered various illnesses as

a result of his exposure to this intolerable jail condition. Plaintiff claims he has tried for well

over a year to resolve the issues in his amended complaint. Although plaintiff states that he

has been complaining "through - grievances & verbal statements," the special report indicates that plaintiff has never filed grievances in accordance with the "Inmate Grievance Procedures" for the Bryan County Jail. Further, plaintiff does not submit copies of any formal grievances which he claims to have submitted to anyone within the Bryan County Jail.

## *Legal Analysis*

### A. *Standard for dismissal*

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.' *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a)(2) sets up a liberal system of notice pleading in federal courts requiring only that the complaint include a short and plain statement of the claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972).  At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations.  *Hall*, 935 F.2d, at 1110.

The Prison Litigation Reform Act of 1996 ("PLRA") provides in part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).  In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The Bryan County Jail Policy and Procedures regarding the inmate grievance process requires an inmate to first try to resolve his complaint informally by submitting a "Request to Staff."  If that does not resolve the problem, the inmate must file a formal grievance which must have the request to staff attached "as proof that an informal attempt has been made by the inmate to resolve the situation at the lowest level position."  Additionally, a grievance

must be filed within 48 hours of the problem or action.  *See*, Dkt. 35-5.  Further, the Bryan County Jail has a system for tracking grievances and staff members are required to assist inmates in completing grievances "if the inmate requests assistance."  *Id.*, at p. 4.

In this particular case, no evidence exists to establish that the plaintiff **ever** filed a grievance regarding the presence of mold or mildew in his cell prior to initiating this lawsuit. Plaintiff attempts to rebut the findings of the special report by saying the inmates who are "currently housed" in the jail would rebut the findings in the special report.  The current conditions, however, are not the issue.  The conditions alleged to be unconstitutional by plaintiff are those that existed "Beginning on (Oct. 09, - 2009)" through approximately December 16, 2010.  *See*, Amended Complaint at p. 2.  Furthermore, if there were inmates housed within the jail during the time period of plaintiff's complaints who were aware of the conditions which plaintiff complains of, plaintiff could have submitted their affidavits to rebut the findings of the special report.  Plaintiff has made no attempt to do so.[1] Additionally, the plaintiff has presented no evidence to establish that he has had suffered *any* health consequences as a result of the conclusory allegations which he made regarding the presence of mold.  Finally, the defendant's supplement to his motion to dismiss/motion for summary judgment (Doc. # 41) establishes that the Oklahoma State Jail Inspectors have inspected the Bryan County Jail on two separate occasions during the time period in which

---

[1]Plaintiff implies in his sur-reply that his allegations are "complimented by the - signed - affidavits(s)/declarations(s) of (10) other inmate(s) housed prior/present at the Bryan County Jail."  Plaintiff makes no attempt to attach those affidavits to his reply or sur-reply.  In liberally construing plaintiff's allegations, this court reviewed an earlier pleading by plaintiff in which he sought to have this court certify this action as a class action (Dkt. # 27).  That pleading contained several affidavits.  Most of those affidavits refer to conditions after the filing of this lawsuit and/or conditions within the Bryan County Auxiliary Jail which plaintiff was, according to the special report, never housed in.

the plaintiff alleged the presence of mold. The Oklahoma State Jail Inspectors did not, however, cited the Bryan County Jail for any deficiency relating to the presence of mold. As a result, this court finds the plaintiff has failed to exhaust his administrative remedies and is, therefore, barred from pursuing his § 1983 claim under the PLRA for failure to exhaust his administrative remedies. Assuming arguendo that plaintiff had complied with the grievance process, the plaintiff has failed to establish that there is any genuine dispute as to any material fact. Therefore, this court finds, pursuant to Rule 56(a), Defendant Sturch is entitled to summary judgment as a matter of law both in his individual and official capacity.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.  Defendant's Motion to Dismiss Plaintiff's Amended Complaint, which this court has construed as a motion for summary judgment (Dkt. # 34) is **granted** and Plaintiff's amended civil rights complaint (Dkt. # 5) is **dismissed with prejudice** for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted. Additionally, pursuant to 28 U.S.C. § 1915(g), this Court finds this action was frivolous and therefore, this dismissal counts as a strike under the Prisoner Litigation Reform Act.

2.  A separate judgment shall be entered in favor of the defendants and against plaintiff.

3.  Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

It is so ordered on this 5th day of October, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma